## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JESSICA ANTUNES,** )<br>)<br>    **PLAINTIFF,** )<br>)<br>**v.** )<br>)<br>**GARMIN INTERNATIONAL, INC.** )<br>)<br>    **DEFENDANT.** ) | **Case No. _____** |

## COMPLAINT WITH JURY DEMAND

COMES NOW Plaintiff, Jessica Antunes, by and through her counsel of record, and for her causes of action against Garmin International, Inc., alleges the following:

1.      Plaintiff seeks monetary damages and equitable relief to redress the deprivation of rights accorded to Plaintiff under 42 U.S.C. §2000(e) *et seq* ("Title VII").

### JURISDICTION AND VENUE

2.      Jurisdiction is proper in this Court, because federal questions are involved, pursuant to 28 U.S.C. §1331.

3.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) in that the employment practices alleged to be unlawful were committed within the judicial district of the United States District Court for the District of Kansas and because, the unlawful employment practices were committed within this judicial circuit.

### PARTIES

4.       Plaintiff Jessica Antunes (hereinafter "Plaintiff" or "Antunes") is an individual and resident of Olathe, Kansas.

5.      Defendant Garmin International, Inc. (hereinafter "Defendant" or "Garmin") is an engineering and technology company of devices for consumers.

6.      At all times relevant herein, Plaintiff has been an employee of Garmin.

7.      At all times relevant to the allegations in this Complaint, Garmin has engaged in interstate commerce, done business in the State of Kansas and has been an employer within the meaning of Title VII.

8.      At all times mentioned herein, all of Defendants' employees were acting within the scope of their employment with Defendants in furtherance of its business.

## CONDITION PRECEDENT FOR TITLE VII

9.      On December 21, 2017, Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission for race, sex and national origin discrimination and retaliation under Title VII.

10.     The EEOC issued a notice of right to sue for Plaintiff's Charge of Discrimination on September 25, 2018.

11.     This action has been timely commenced within ninety days of Plaintiff's receipt of the notice of right to sue, and Plaintiff has met all conditions precedent to filing this action.

## FACTS COMMON TO ALL COUNTS

12.     Plaintiff is a black female from Brazil, South America.   She has been a naturalized citizen of the United States since 2009.

13.     Plaintiff has been continuously employed by Garmin since June 2006.

14.     Plaintiff began working for Garmin as an account representative in the Latin America Key Accounts department.

2

15.     Plaintiff is currently a Dealer Sales Support employee for Latin America Accounts.

16.     Throughout her employment with Garmin, Plaintiff has been treated differently because of her race, national origin or sex.

17.     Beginning in 2007, Garmin's manager placed Plaintiff at a desk in a corner disconnected from the rest of her team.

18.     Garmin's manager called Plaintiff "Aunt Jemima" when she wore a headband in her hair.

19.     When Plaintiff was attempting to assist a customer with a credit return which she did not know was unauthorized, her manager insinuated she was doing something illegal. When she asked him if he was making such an insinuation, he stated to her "Yeah, why not? You people get caught all the time."

20.     Garmin's manager refused to approve a request for time off and threatened her with disciplinary action if she did not come to work on that day.

21.     Plaintiff's supervisor Dieker subjected her to offensive conduct such as throwing paper clips and paper cups at her in the workplace.

22.     Plaintiff reported the discriminatory treatment and harassment to Human Resources, but never heard back with respect to any action taken in response to her complaint.

23.     After her report to Human Resources, Plaintiff's supervisor cancelled a meeting with her and when she asked him why, he replied "because I wouldn't say anything that I would be proud of nor would I want to come back and haunt me at this time."

24.     Since her report to Human Resources, supervisor Dieker has been promoted several times and is currently the Director of Sales.

25.     Since Dieker's promotion, he continues to harass Plaintiff such as making humiliating comments to her about her appearance in front of other employees and making gestures like he is watching her in front of other employees.

26.     Garmin's culture shows a preference for white employees and male employees. For example, in July 2016, a Garmin employee sent an email asking for hand models, specifically Caucasian hand models.

27.     In February 2017, a Garmin supervisor commented on Plaintiff speaking another language "without us knowing what you guys are saying."

28.     In July 2016, Plaintiff applied for a Latin American Sales Manager position.

29.     Despite her qualifications for the position, Garmin selected a less qualified male candidate for the position.

30.     During her interview for the 2016 Sales Manager position, the Garmin Director stated that Plaintiff was a very confident woman, and asked her if she thought she would intimidate Garmin's dealers as such.

31.     In May 2017, Plaintiff applied for an Inside Sales Representative position.

32.     Despite her qualifications for the position, Garmin selected a less qualified white, male candidate for the position.

33.     In July 2017, Plaintiff applied for an Inside Sales Representative position.

34.     Despite her qualifications for the position, Garmin selected a less qualified white, male candidate for the position.

35.     After she was not selected in July 2017, she met with Human Resources and complained about her non-selection. She was told she did not get the position because she did not have product knowledge.

36.     In August 2017, Garmin has selected a white applicant for a sales position who had no product knowledge.

37.     In June 2018, Plaintiff applied and interviewed for another Inside Sales position. The Garmin interviewer stated Plaintiff was difficult to understand at times due to talking very quickly and that Plaintiff could not understand the recruiter a couple of times, which was not true.

38.     After Plaintiff reported the discriminatory treatment, she was subjected to retaliatory harassment or discrimination based on her national origin or race in the form of comments and conduct directed to or about her.

39.     Plaintiff has continued to report in good faith the discriminatory or harassing comments and conduct to management and Human Resources.

40.     Garmin is an employer that is committed to providing employment opportunities, a working environment and compensation that are fair and equitable and will attract and retain associates with superior capabilities and motivation to excellence.

41.     Garmin is an employer that professes to support a diverse workforce at all levels of the company.

42.     Garmin's EEO policies state that its employment decisions are and will continue to be based on valid job-related criteria related to qualifications, abilities, merit and other factors.

43.     Garmin's EEO policies state that it is required and committed to engaging in affirmative action for women and minorities, and that it has affirmative action policies, practices and procedures to comply with its obligations.

44.     Garmin's policies, procedures and practices have a disproportionate adverse impact on minorities, particularly black and Hispanic employees.

5

45.     Garmin's selection procedures and practices resulted in a workforce at its headquarters in 2017 that was eighty-two percent (82%) white, two and one-half percent (2.5%) black and two and two-tenths percent (2.2%) Hispanic.

46.     Garmin's policies, procedures and practices have a disproportionate adverse impact on women.

47.     Garmin's selection procedures and practices resulted in a workforce at its headquarters in 2017 that was seventy-seven percent (77%) male and twenty-three percent (23%) female.

48.     Other non-white employees who are similarly situated have been subjected to discrimination and harassment based on race, national origin or sex in violation of Title VII of the Civil Rights Act of 1964, as amended.

**COUNT I**
**Title VII- Race/Sex/National Origin Discrimination**

49.     Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

50.     Title VII prohibits race discrimination in the terms and conditions of employment.

51.     Title VII prohibits sex discrimination in the terms and conditions of employment.

52.     Title VII prohibits national origin discrimination in the terms and conditions of employment.

53.     Plaintiff, who is black, female, and has the national origin of Brazil, South America, is a member of protected groups under Title VII.

54.     During the course of Plaintiff's employment, Defendant's management employees, acting within the scope and course of employment, engaged in a pattern and practice of discrimination and harassment against Plaintiff.

55.     Plaintiff applied and was qualified for available positions at Garmin.

56.     Plaintiff was not selected for the open positions because of her race, national origin and/or sex.

57.     The Defendants' conduct constituted disparate treatment in violation of Title VII in that Plaintiff was treated differently than white, male employees in the terms and conditions of her employment.

58.     Additionally, Defendants engaged in a pattern and practice of discriminating against minority employees.

59.     As a result of the discriminatory terms and conditions of employment, Plaintiff has suffered and will continue to suffer economic damages and non-economic damages, including mental anguish, emotional distress, embarrassment, humiliation and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count I of her Complaint, for a finding that she has been subjected to unlawful discrimination; for an award of lost wages and compensatory damages; equitable relief; for her costs expended; for her reasonable attorneys' fees, costs and expenses; and for such other and further relief the Court deems just and proper.

## COUNT II
### Title VII- Race/Sex/National Origin Harassment

60.     Plaintiff incorporates by reference the allegations in the preceding paragraphs as if set forth herein.

61.     The comments and conduct of Defendant's supervisory employees created an unwelcome, intimidating, and hostile work environment.

62.     The comments and conduct as described herein was sufficiently severe or pervasive that a reasonable person in the Plaintiff's position would find the Plaintiff's work environment to be hostile.

63.     As a result of the comments and conduct, Plaintiff believed her work environment to be hostile.

64.     Management level employees knew, or should have known, of the race, national origin and sex-based discrimination and harassment described herein, but failed to take appropriate remedial action.

65.     By failing to conduct a prompt, thorough and honest investigation of Plaintiff's allegations and of other witnesses, Defendant condoned the hostile environment and discrimination in Plaintiff's work place and deliberately rendered Plaintiff's working conditions hostile.

66.      As a result of the discriminatory terms and conditions of employment, Plaintiff has suffered and will continue to suffer economic damages and non-economic damages, including mental anguish, emotional distress, embarrassment, humiliation and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count II of her Complaint, for a finding that she has been subjected to unlawful discrimination and harassment; for an award of lost wages and compensatory damages; equitable relief; for her costs expended; for her reasonable attorneys' fees, costs and expenses; and for such other and further relief the Court deems just and proper.

## COUNT III
## Title VII—Retaliation

67.     Plaintiff incorporates by reference the allegations in the preceding paragraphs as if set forth herein.

68.     Title VII prohibits an employer from retaliating against an employee because she has made a complaint about or reported unlawful employment practices or violations of the law.

69.     Plaintiff's internal complaints concerning the race, national origin and/or sex discrimination and harassment she was subjected to constituted protected activity.

70.     Plaintiff engaged in protected activity by making a complaint of discrimination with the EEOC.

71.     After Plaintiff complained about unlawful discrimination and harassment, and as a result of her complaints, Defendant retaliated against Plaintiff by subjecting her to continuing harassment and other adverse action.

72.     As a result of the unlawful retaliation to which she was subjected, Plaintiff has suffered and will continue to suffer economic damages and non-economic damages, including mental anguish, emotional distress, embarrassment, humiliation and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count III of her Complaint, for a finding that she has been subjected to unlawful retaliation; for an award of lost wages and compensatory damages; equitable relief; for her costs expended; for her reasonable attorneys' fees, costs and expenses; and for such other and further relief the Court deems just and proper.

## COUNT IV
## Title VII—Disparate Impact

73.     Plaintiff incorporates by reference the allegations in the preceding paragraphs as if set forth herein.

74.     Garmin has promulgated policies, procedures and practices for hiring, selection and employment of its workforce in the United States.

75.     Garmin's hiring, selection and employment policies, procedures and practices have a disproportionate adverse impact on minorities, particularly black and Hispanic employees.

76.     Garmin's hiring, selection and employment policies, procedures and practices have a disproportionate adverse impact on women.

77.     As a result of the disparate impact of Garmin's policies, procedures and practices, Plaintiff has suffered and will continue to suffer economic damages and non-economic damages, including mental anguish, emotional distress, embarrassment, humiliation and loss of enjoyment of life.

78.     As a result of the disparate impact of Garmin's policies, procedures and practices, Plaintiff seeks injunctive and equitable relief prohibiting Defendant from discriminating against minorities and women in its hiring, selection and employment policies, procedures and practices.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count IV of her Complaint, for a finding that Garmin's hiring, selection and employment policies, procedures and practices have a disproportionate adverse impact on minorities and women, for injunctive and equitable relief, for her costs expended; for her reasonable attorneys' fees, costs and expenses; and for such other and further relief the Court deems just and proper.

### REQUEST FOR JURY TRIAL

Plaintiff requests a jury trial on all issues so triable in this action.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Kansas City, Kansas as the place for trial.

Respectfully Submitted,

BROWN & CURRY, LLC

 /s/ Sarah A. Brown
Sarah A. Brown, KS #12130
Daniel G. Curry, KS # 22750
406 West 34th Street, Suite 810
Kansas City, MO 64111
(816) 756-5458
(816) 666-9596 (Fax)
sarah@brownandcurry.com
dan@brownandcurry.com

ATTORNEYS FOR PLAINTIFF